UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62361-BLOOM/Valle

DAVID R. FARBSTEIN, P.A.,
and DAVID R. FARBSTEIN,

    Plaintiffs/Counter-Defendants,

v.

WESPORT INSURANCE CORPORATION,

    Defendant/Counter-Plaintiff,

_____/

WESTPORT INSURANCE CORPORATION,

    Third Party Plaintiff,

v.

CARAVAN, INC.,

    Third Party Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Third Party Defendant Caravan, Inc.'s ("Caravan") Motion to Dismiss Westport Insurance Corporation's ("Westport") Third Party Complaint, ECF No. [24] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is denied.

I. **BACKGROUND**

Plaintiffs/Counter-Defendants David R. Farbstein, P.A. and David R. Farbstein (collectively, "Farbstein") initiated these proceedings by filing suit against Westport in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, proceedings since removed to this Court. Farbstein brings claims for declaratory relief and breach of contract against Westport based on a Lawyers Professional Liability Insurance Policy issued by Westport. *See* ECF No. [1-2] ("Complaint"). Farbstein's Complaint alleges that on March 7, 2016, Caravan filed a legal malpractice suit against Farbstein in state court based on Farbstein's handling of a real estate transaction. *See id.* ¶ 5. Westport, Farbstein's insurance provider, has denied both defense and indemnity coverage in Caravan's state court action. *See id.* ¶¶ 6-8. In these federal proceedings, Farbstein, requests among other actions, that this Court "[r]equire Westport to immediately assume the defense of Farbstein in the Caravan lawsuit," and order that Westport pay damages. *Id.* ¶ 17. Westport, in return, seeks a declaratory judgment of its own against Farbstein and Caravan, requesting that the Court determine that Westport has no obligation to provide Farbstein with a defense in the state court action, indemnify Farbstein for damages, or "make any payments to Caravan for any such damages." ECF No. [15] ¶ 26, Demand for Judgment ("Third Party Complaint"). Caravan now moves the Court to dismiss it from these proceedings, and Westport's Response timely followed.[1] *See* ECF No. [25].

II. **LEGAL STANDARD**

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and

---

[1] Westport filed its Response on December 15, 2016, making Caravan's Reply due on or before December 22, 2016. *See* S.D. Fla. L. R. 7.1(c). As of the date of this Order, Caravan has not filed a Reply or request for an extension of time to do so, and thus, the Motion is ripe for adjudication.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the

3

claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

**III.   DISCUSSION**

Caravan argues that (1) Westport's claims against it are barred under Fla. Stat. Ann. § 627.4136, and (2) its inclusion as a defendant divests this Court of subject matter jurisdiction over these proceedings. Caravan also appears to argue, generally, that it is an improper party to this action, but persuasive authority counsels otherwise. *See* Motion at 3. Farbstein, the insured, seeks a declaratory judgment against Westport, the insurance company. Westport, the insurance company, in turn seeks a declaratory judgment against Farbstein and Caravan, the litigant in the underlying state court action. So categorized, the Third Party Complaint presents circumstances materially analogous to *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540 (11th Cir . 2005). In that case, the insurance company also sued the insured for a declaratory judgment of non-coverage. The district court dismissed the action for the insurance company's failure to join indispensable parties, namely, the litigants in the underlying action. The Eleventh Circuit affirmed, relying on the former Fifth Circuit's holding in *Ranger Insurance Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974)[2] that "absent tort claimants [are] indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, 'the claimants' interests would be prejudiced.'" *Am. Safety Cas. Ins. Co.*, 129 F. App'x at 542 (quoting *Ranger Insurance Co.*, 488 F.2d 683).

---

[2] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

While *Am. Safety Cas. Ins.* involved a motion brought under Fed. R. Civ. P. 19(b) and not Rule 12, the Eleventh Circuit's holding counsels that an underlying litigant is a proper party to an insurance company's action for declaratory judgment in the situation presented.

Having so determined, the Court concludes that Caravan's reliance on Fla. Stat. § 627.4136 misplaced. Under that section,

> It shall be a condition precedent to the accrual or maintenance of a cause of action *against a liability insurer* by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. Ann. § 627.4136(1). In this case, however, *Westport* is the liability insurer. Caravan is the "person not an insured" in the underlying state court action, meaning that if § 627.4136(1) applies to these proceedings at all, it serves to bar *Caravan* from bringing claims against Westport. *See Colony Ins. Co. v. Total Contracting & Roofing, Inc.*, 2010 WL 5093663, at *2 (S.D. Fla. Dec. 8, 2010). Moreover, Florida courts have held that "[t]he purpose of the nonjoinder statute is straightforward: 'to ensure that the availability of insurance has no influence on the jury's determination of . . . damages.'" *Geico Gen. Ins. Co. v. Lepine*, 173 So. 3d 1142, 1144 (Fla. 2d DCA 2015) (quoting *Gen. Star Indem. Co. v. Boran Craig Barber Engel Constr. Co.*, 895 So. 2d 1136, 1138 (Fla. 2d DCA 2005)); *see also Tomlinson v. State Farm Fire & Cas. Co.,* 579 So. 2d 211, 212 (Fla. 2d DCA 1991) (section 627.4136(1) "applies to declaratory judgment actions against insurers"). As the terms of § 627.4136(1) do not apply to the posture presented in this case and none of the underlying policy concerns are present, Caravan cannot rely on the statute to obtain a dismissal.

Finally, the Court rejects Caravan's argument that its inclusion divests this Court of subject matter jurisdiction. Caravan's argument is premised on its position that "if Westport is

5

able to sue Caravan, Caravan should be able to sue Westport and Farbstein," an occurrence that would destroy diversity.  ECF No. [24] at 3.  While Caravan does not cite to Rule 12(b)(1), Caravan appears to bring a hypothetical factual attack to this Court's subject matter jurisdiction.  However, while a court, "[i]n assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), . . . is not limited to an inquiry into undisputed facts" and "may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction," *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991), Caravan has not cited to any authority that would allow the Court to dismiss a party based on the speculative possibility of future counter/cross  claims.  In any event, Caravan has failed to establish that its inclusion as a plaintiff would divest this Court of jurisdiction.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Caravan's Motion to Dismiss, **ECF No. [24]**, is **DENIED**.  Caravan has until **January 9, 2017** to file an Answer to the Third Party Complaint.

**DONE AND ORDERED** in Miami, Florida, this 28th day of December, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record